|  |  |
|---|---|
| J. DREW BYELICK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RYVYL INC. (f/k/a GREENBOX POS), a Nevada corporation,<br><br>Defendant. | Case No.: 24-cv-01096-GPC-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[ECF No. 43]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Plaintiff J. Drew Byelick's motion for partial summary judgment. ECF No. 43. Defendant RYVYL Inc. ("Ryvyl") opposed the motion, ECF No. 47, and Byelick replied, ECF No. 50. The Court finds the matter suitable for decision on the papers pursuant to Civil Local Rule 7.1(d)(1). For the reasons below, the Court DENIES Byelick's motion for partial summary judgment without prejudice.

## BACKGROUND

**I.   Factual Background**

Byelick worked at Ryvyl, a publicly traded company, from June 2022 to March 2023. ECF No. 26 ("FAC") ¶¶ 69, 89; ECF No. 47-1, Declaration of Fredi Nisan ("Nisan

Decl.") ¶¶ 9–10.  Most recently, Byelick was Ryvyl's CFO.  FAC ¶ 89; Nisan Decl. ¶ 9.  Byelick relocated from Texas to San Diego, California to become Ryvyl's CFO.  FAC ¶ 12.

Byelick alleges that Ryvyl, through pre-hire interviews and conversations with Chairman Ben Errez, CEO Fredi Nisan, COO Min Wei, Ryvyl's HR director, and two Ryvyl board members (Bill Cargol and Dennis James), made numerous misrepresentations and concealed information from him regarding Ryvyl's financial health, its SEC filings, and its internal controls and operations.  *Id.* ¶¶ 55-65.  Byelick alleges that he relied on these misrepresentations and concealments in making his decision to accept Ryvyl's offer of employment.  *Id.* ¶ 67.  Nisan, however, denies that he intentionally withheld or concealed any material information in those conversations.  Nisan Decl. ¶ 8.

In January 2023, Ryvyl announced that its new auditor, Simon & Edwards, "reported numerous material misstatements and inaccuracies" in Ryvyl's "2021 SEC filings, as well as material deficiencies in [Ryvyl's] internal controls[.]"  FAC ¶ 30; Nisan Decl. ¶ 10, Exhibit C.  On March 26, 2024, Ryvyl filed a Form 10-K with the SEC, which disclosed to the public that its 2021 and 2022 financial statements were no longer reliable and would be restated.  FAC ¶ 35.  Nisan denies having knowledge of the deficiencies or the need for restatements "until long after [Byelick] was hired by Ryvyl."  Nisan Decl. ¶ 8.

Byelick alleges that he recommended that Ryvyl restate "all prior material misstatements and inaccuracies, including but not limited to" alleged improper "insider transactions."  FAC ¶ 31; *see also id.* ¶ 16.  However, Byelick alleges that CEO Nisan and Chairman Errez "continuously and repeatedly refused to agree to restate" the "insider transactions."  *Id.*  Because Ryvyl would not cooperate with Byelick's recommended

remedial efforts, Byelick felt forced to resign, and subsequently did resign on March 4, 2024.  *Id.* ¶ 33, 69; Nisan Decl. ¶ 10.

## II.     Procedural History

Ryvyl's disclosure of inaccuracies in its financial statements and subsequent restatement of numerous financial statements resulted in a separate securities fraud class action lawsuit.  *See Cullen v. RYVYL Inc.*, 2024 WL 4536471 (S.D. Cal. Oct. 21, 2024).  Byelick was initially named as a Defendant in *Cullen*.  *Id.* at *2 n.3.  However, the Court dismissed the claims against Byelick with prejudice.  *Id.*

Byelick subsequently filed the instant lawsuit against Ryvyl.  ECF No. 1.  On January 19, Byelick filed the FAC, and Ryvyl moved to dismiss the FAC on February 3, 2025.  ECF No. 28.  The Court granted Ryvyl's motion to dismiss in part and denied it in part without leave to amend.  ECF No. 40.  Byelick's remaining claims are for intentional misrepresentation, fraudulent concealment, and wrongful constructive discharge in violation of fundamental public policy.  *See id.*  Byelick now moves for summary judgment on his intentional misrepresentation and fraudulent concealment claims.  ECF No. 43-2.

Byelick moved for partial summary judgment on July 3, 2025—before the parties submitted a joint discovery plan, ECF No. 42 at 3; before Magistrate Judge Steve B. Chu held an Early Neutral Evaluation ("ENE") and Case Management Conference, ECF No. 45; before Magistrate Judge Chu issued a scheduling order regulating discovery, ECF No. 46; and, most notably, before Ryvyl submitted written discovery to Byelick, ECF No. 47-5, Declaration of Paul Huston ("Huston Decl.") ¶ 3.

## DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant must establish that it is entitled to judgment

as a matter of law through its "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any[.]" Fed. R. Civ. P. 56(c).

"Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Indeed, "[c]ourts have denied … pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56." *Anthony v. County of San Diego*, 1134611, 2025 WL 1134611, at *1 (S.D. Cal. Apr. 16, 2025); *see Williams v. Yuan Chen*, No. S-10-1292-CKD-P, 2011 WL 4354533, at *3 (E.D. Cal. Sept. 16, 2011) (denying plaintiff's summary judgment motion as premature where defendant had not yet filed an answer and the court had not yet issued a discovery order); *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (finding that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," the court should find the motion premature and allow the parties to take discovery). Rule 56(d) specifically provides: "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [or] (2) allow time to obtain affidavits or declarations or take discovery[.]" Fed. R. Civ. P. 56(d).

Byelick's motion is supported only by his own declaration and a statement of facts that he claims are undisputed.[1] *See* ECF No. 43-1; ECF No. 43-3, Declaration of J. Drew

---

[1] The facts Byelick lists are drawn largely from publicly available sources such as SEC filings, case law, and securities statutes, rules, and regulations. *See* ECF No. 43-1; *see also* Byelick Decl.

4

Byelick ("Byelick Decl."). Without expressing an opinion on the merits of Byelick's claims, the Court notes that Ryvyl disputes many of his proffered facts. *See generally* Nisan Decl.; *see also* ECF No. 47-6 (Ryvyl's responses and objections to Byelick's statement of undisputed material facts). And, as Ryvyl points out in its responses and objections, many of Byelick's proclaimed undisputed facts are merely legal conclusions. *See* ECF No. 43-1 at 5 ("Both RYVYL CEO Nisan and CFO Chung were on actual or constructive notice…").

Further, while Byelick argues that his allegations and the documents already on the record are sufficient to warrant summary judgment, the reality is that his claims may hinge on fact-intensive inquiries, such as whether Ryvyl "knowingly and intentionally concealed" material facts about the company's financials from him. Without the benefit of discovery, Ryvyl, or the Court, cannot adequately determine whether genuine disputes exist as to any material facts relevant to these inquiries. *See* Huston Decl. ¶¶ 3–4 (noting that Ryvyl did not issue written discovery until after Byelick filed the instant motion and that Ryvyl asked Byelick to "withdraw the Motion because it is premature"). Accordingly, the Court finds that Byelick's motion is premature and that deciding a summary judgment motion on the merits is not appropriate at this juncture. *See Turner v. County of San Diego*, No. 14-CV-2003-JAH (JLB), 2016 WL 6804998, at *6–8 (S.D. Cal. Oct. 3, 2016) (denying plaintiff's summary judgment motion "as premature and unsupported by evidence" where plaintiff filed the motion on the same day defendant filed its answer and "before the magistrate judge issued an order regulating discovery or the parties submitted a joint discovery plan"); *see also Sernoffsky v. Novak*, No. 23-cv-0039-MMA-MSB, 2023 WL 8439561, at *3 (S.D. Cal. Dec. 4, 2023) ("courts have found pre-discovery summary judgment motions premature and have denied such premature summary judgment motions") (collecting cases).

/ / /

## CONCLUSION

For the above reasons, the Court DENIES Byelick's motion for partial summary judgment without prejudice.  The Court VACATES the hearing scheduled for September 5, 2025.  Byelick may file a new motion for summary judgment after taking discovery.[2]

**IT IS SO ORDERED.**

Dated:  September 2, 2025

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Because it does not impact the Court's decision, the Court DENIES Byelick's motion for judicial notice, ECF No. 49, as moot.